UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:02-CR-10-KAC-DCP |
| | ) | |
| CHARLES A. LEQUIRE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the matter of Defendant's representation on a post-conviction motion for compassionate release. On October 7, 2024, the undersigned substituted and appointed Attorney Adam Izell for the limited purpose of fulfilling the requirements of SO-21-09 [Doc. 145].[1] On July 1, 2025, Defendant Charles LeQuire moved for new counsel because a compassionate release motion was not filed [Doc. 147 p. 1]. Defendant's motion was referred to the undersigned [Doc. 149]. *See* 28 U.S.C. § 636(b).[2] On September 6, 2025, Attorney Izell filed a Motion to Withdraw as Counsel stating that a breakdown in the attorney/client relationship has occurred and asking that other counsel be appointed [Doc. 157 p. 1].

---

[1] The undersigned also substituted Mr. Hedrick as Defendant's counsel of record pursuant to SO-21-09 in Defendant's other criminal case [No. 3:02-CR-26, Doc. 67]. Neither Defendant's pro se motion, nor Mr. Hedrick's Motion to Withdraw seek relief in that case. Mr. Izell does not represent Defendant in case number 3:02-CR-26.

[2] A magistrate judge may make a recommended disposition on "applications for post[-]trial relief by individuals convicted of criminal offenses[.]" 28 U.S.C. § 636(b)(1)(B). Here, the Court acts merely to effectuate Standing Order 21-09, which provides for the appointment of counsel to defendants seeking relief under 18 U.S.C. § 3582(c)(1)(A), and for the substitution of counsel when appointed counsel is not able to continue with the representation. *See, e.g., Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990) (per curiam) (determining that a magistrate judge may grant a motion to proceed *in forma pauperis*, but "[i]f the decision is to deny, . . . the magistrate [judge] must make such recommendation to the district judge who will then take the final action.").

Standing Order 21-09 appoints counsel to assist defendants with compassionate release motions under 18 U.S.C. § 3582(c)(1)(A). E.D.TN SO-21-09. An attorney, typically from the Federal Defender Services of Eastern Tennessee ("FDSET"), is appointed to represent defendants who have filed a pro se motion for compassionate release, who move for counsel to file a compassionate release motion, or who contact FDSET about filing a compassionate release motion. Id. Alternatively, FDSET may file a motion for compassionate release on behalf of any defendant who previously had court-appointed counsel, if FDSET finds the motion would not be frivolous. Id. If FDSET has a conflict of interest, it shall notify the Court promptly, so the Court may appoint other counsel from a specialty panel of attorneys qualified to conduct compassionate-release litigation. Id. Ultimately, the role of either FDSET or CJA counsel appointed under SO-21-09 is to file a motion under § 3582(c)(1)(A) if counsel "determines the motion would not be frivolous." Id. Here, FDSET previously notified the Court of a conflict [Doc. 128], and the Court appointed Mr. Hedrick [Doc. 130]. Mr. Hedrick moved to withdraw [Doc. 142], and the Court appointed Mr. Izell [Doc. 145].

By way of background, the Court observes that Defendant LeQuire entered guilty pleas in two criminal cases on June 3, 2022, and was jointly sentenced to 720 months' imprisonment [No. 3:02-CR-26, Doc. 64 pp. 1–2].[3] On October 26, 2021, Defendant filed a pro se motion for compassionate release [Doc. 113].[4] Defendant also moved for the appointment of counsel to

---

[3] Some of the background information is taken from District Judge Crytzer's July 26, 2022 Memorandum and Order [Doc. 64], denying Defendant's motion for compassionate release in case number 3:02-CR-26.

[4] Defendant also filed a pro se motion for compassionate release in case number 3:02-CR-26 on that same day [No. 3:02-CR-26, Doc. 53]. On December 8, 2021, then counsel Assistant Federal Defender Bobby E. Hutson, Jr., filed a notice in case number 3:02-CR-26, stating "no additional pleadings would be filed at this time because the pro se motion is well-presented" [No. 3:02-CR-26, Doc. 64 p. 1]. Following the Government's response in opposition, the Court denied

2

represent him on his compassionate release motion [Doc. 111], which the Court denied because it had already appointed FDSET to represent Defendant in Standing Order 21-09 [Doc. 119]. On January 24, 2022, Defendant again requested counsel or, alternatively, to withdraw his compassionate release motion without prejudice to refile [Doc. 125]. On February 1, 2022, the Court again observed that FDSET already represented Defendant but granted Defendant's request to withdraw the compassionate release motion, observing "Defendant may file a new motion under 18 U.S.C. § 3582 at the appropriate time, following the appropriate procedure" [Doc. 126]. As stated above the undersigned subsequently substituted Mr. Hedrick for Mr. Hudson and FDSET [Doc. 130 p. 3]. Mr. Hedrick moved to withdraw and the undersigned substituted Mr. Izell for Mr. Hedrick [Doc. 145 p. 4].

Defendant now moves for substitute counsel [Doc. 147]. Following referral of Defendant's pro se motion, the undersigned directed Mr. Izell to review Defendant's pro se motion, to confer with Defendant, and to file either a motion to withdraw the pro se motion, a motion to review the attorney-client relationship, or another appropriate response [Doc. 151 p. 2]. Thereafter, Mr. Izell filed a Motion for Extension of Time to File Motion or Response to give counsel a 30-day extension for completing the matters and filing pleadings due to delays from the prison in scheduling telephonic meetings with Defendant and counsel's illness [Doc. 152 pp. 1–3]. On August 5, 2025, the Court granted the motion, and the deadline was extended to September 2, 2025 [Doc. 153]. On September 4, 2025, the Court issued a Show Cause Order ordering that on or before September 11, 2025, Mr. Izell must show cause why he did not file a response or, alternatively, directing him to file the requested response or motion [Doc. 156]. On September 6, 2025, Mr. Izell moved to withdraw as counsel for Defendant, stating that a breakdown in the

---

Defendant's compassionate release motion based upon its consideration of the factors in 18 U.S.C. § 3553(a) [*Id*. at 1, 4–5].

attorney/client relationship has occurred and asking that other counsel be appointed [Doc. 157 p. 1].

An individual seeking the substitution of court-appointed counsel must show good cause for the substitution, such as an actual conflict of interest, a complete breakdown in communications between attorney and client, or an irreconcilable break in the attorney-client relationship. *United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (citing *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)). Here, based upon counsel's representations in the motion, Mr. Izell is permitted to **WITHDRAW** for good cause shown due to an irreparable break in communications. Defendant's pro se motion is also granted in part in that the Court will substitute new counsel for Mr. Izell. Defendant LeQuire is encouraged to make every effort to work with new counsel going forward. Accordingly, the Court **ORDERS** as follows:

(1) Attorney Izell's Motion to Withdraw as Counsel [**Doc. 157**] is **GRANTED**, and Mr. Izell is permitted to **WITHDRAW** from his representation of Defendant LeQuire in this case;

(2) Mr. Izell is **DIRECTED** to provide new counsel with the information from Defendant's file, including any documents provided to him by Defendant and any information on scheduling meetings with Defendant at the prison; and

(3) Defendant LeQuire's pro se motion [**Doc. 147**] is **GRANTED in part**, in that the Court **SUBSTITUTES** and **APPOINTS** Attorney Christopher Scott Irwin, an attorney from the specialty panel and qualified to handle compassionate release cases, for the limited purpose of fulfilling the requirements of SO-21-09 in this case. Attorney Irwin is **DIRECTED** to provide a copy of this Order to Defendant LeQuire.

**IT IS SO ORDERED**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

4